IN THE SUPERIOR COURT

FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| Therrell Smith,<br>14 Logan Circle, NW<br>Washington, DC 20005<br><br>    Plaintiff<br>v.<br><br>The Overseas Korean Cultural Heritage<br>Foundation a/k/a The Overseas Korean Cultural<br>Heritage Foundation, USA<br><br>    Serve: Registered Agent<br>    RSL Agents, Inc.,<br>    621 G Street, SE<br>    Washington, DC 20003<br><br>    Defendant | Case No. 2017 CA 001363 B<br><br>**Complaint and<br>Demand for Jury Trial** |

# COMPLAINT

The Plaintiff, Therrell Smith ("Ms. Smith"), by counsel, hereby brings this action for the damage to her property and personal injury caused by Defendant The Overseas Korean Cultural Heritage Foundation a/k/a The Overseas Korean Cultural Heritage Foundation, USA (the "Foundation") in the course of the Foundation's converting the adjoining townhouse to a museum (the "Foundation's Construction Work") and for incurred legal fees and costs and consulting contractor fees and costs induced and caused by Defendant in the course of and related to Defendant's Construction Work.

## Jurisdiction

1. This Court has jurisdiction over this matter under D.C. Code § 11-921(a)(6).

1

## Parties

2. The Plaintiff, Ms. Smith, is 100 years old. She resides at 14 Logan Circle, where she has lived for 87 years.

3. On information and belief, the Foundation is a non-profit corporation doing business in the District of Columbia.

## Facts

4. On information and belief, the Foundation purchased the house adjoining Ms. Smith's at 12 Logan Circle (the "Adjoining Property") for the purpose of converting it into a museum.

5. Upon information and belief, after purchasing the Adjoining Property, the Foundation has been engaged in major demolition and reconstruction of the interior and exterior of the house located on the adjoining property.

6. Prior to the beginning of the Foundation's Construction Work, Ms. Smith's residence was peaceful, quiet, and clean.

7. Since the beginning of the Foundation's Construction Work, Ms. Smith has not enjoyed peace and quiet in her residence. She is bombarded daily by construction noise, vibration, and dust that make it impossible for her to live peacefully and comfortably in her home.

8. The Foundation's Construction Work interferes with and disrupts Ms. Smith's use and enjoyment of her residence as a home.

9. The Foundation's Construction Work has caused and is causing cracks in the walls of Ms. Smith's house, and threatens the structural integrity of her house.

10. The Foundation's Construction Work has caused dust, dirt, odors, and fumes of composition unknown (the "toxins"), to enter Ms. Smith's house. This has caused the soiling of walls, windows, furniture, and linens, all of which must be cleaned and disinfected. The toxins have also caused damage to Ms. Smith's health.

11. Between Ms. Smith's house and the house on the Adjoining Property is an exterior wall (the "garden wall") running approximately 70 feet. It is owned jointly by Ms. Smith and the Foundation. The Foundation has and had no right to unilaterally knock down the garden wall without Ms. Smith's permission.

12. The Foundation approached Ms. Smith and requested permission to demolish the wall so that they could construct a unique "Korean wall." Ms. Smith had no desire to demolish her garden wall which has stood there for at least 100 years. It borders her garden and enhances the garden.

13. Nonetheless, to maintain good relations with her neighbor, she reached out to professionals to advise her on the Foundation's request. Specifically, she reached out to (1) an attorney to negotiate an appropriate (and standard) agreement to cover items including protection of property and insurance, (2) a structural engineer to evaluate the structural components of the proposed new Korean wall, and (3) an architect to advise her of the physical characteristics and the look of the proposed new Korean wall, and to monitor the actual construction of same and the rehabilitation of her property after the construction.

14. The Foundation met with and communicated with each of the professionals. The attorney for Ms. Smith and the attorney for the Foundation met and proceeded to negotiate a "neighbor agreement" dealing with the mutual concerns of the construction work. Likewise, the engineer and the architect met with the professionals of the Foundation.

15. Ms. Smith would not have sought the counsel of these professionals if had not been for the Foundation's request to demolish her wall. Ms. Smith felt that she was not professionally competent to negotiate the neighbor agreement, nor assess the aesthetics or the structural adequacy of the new Korean wall.

16. The Foundation induced and caused Ms. Smith to incur legal fees and professional costs and fees and costs in order, *inter alia*, to evaluate and respond to the

Foundation's requests, and, if acceptable, to help in drafting an agreement acceptable to both the Foundation and Ms. Smith. The Foundation refuses to compensate Ms. Smith for these incurred costs. Ms. Smith's reliance on the belief and implied promise that the Foundation would pay for her professionals was a reasonable reliance.

17. The Foundation's Construction Work has caused and continues to cause physical damage to Ms. Smith's property. The Foundation's Construction Work has caused property damage to Ms. Smith's house that will cost in excess of $50,000 to repair. The Foundation's Construction Work has also caused personal injury to Ms. Smith.

## Count I
## (Trespass)

18. The preceding paragraphs 1 through 17 are hereby incorporated herein as though fully set forth.

19. The Foundation's Construction Work constitutes a trespass on Ms. Smith's property and property rights.

20. The Foundation's Construction Work has been and is causing physical property damage Ms. Smith's house.

21. The cost to repair the physical damage to Ms. Smith's house and to restore her home and possessions to the condition prior to the commencement of construction, caused by Defendant's Construction Work, exceeds $50,000.

22. Ms. Smith's legal, engineering, and architectural fees and costs incurred as a result of The Foundation's Construction Work exceed $30,000.

23. As a direct and proximate result of the Foundation's trespass, Ms. Smith has suffered, and continues to suffer, damages in the amount of not less than $80,000.

24. The cost of the personal injury to Ms. Smith's health has yet to be determined.

WHEREFORE. Ms. Therrell Smith respectfully requests this Court to enter judgment in her favor and against The Overseas Korean Cultural Heritage Foundation a/k/a The Overseas Korean Cultural Heritage Foundation, USA in the principal amount of

not less than $80,000.00, plus pre- and post-judgment interest, and Ms. Smith requests such further and other relief in her favor as this Court deems just and proper.

## Count II
## (Negligence)

25. The preceding paragraphs 1 through 17 are hereby incorporated herein as though fully set forth.

26. The Foundation had and has duties to Ms. Smith to not damage her property and to not allow the migration of dirt and toxins into her house.

27. The Foundation breached its duties to Ms. Smith to not damage her property and to not allow the migration of dirt and toxins into her house.

28. The Foundation's contractor negligently allowed the damage to occur to Ms. Smith house and allowed the migration of dirt and toxins to her house. The Foundation was aware of the means and methods of the contractor and permitted the damage and trespass to occur.

29. The Foundation's Construction Work has been and is causing physical property damage Ms. Smith's house.

30. The cost to repair the physical damage to Ms. Smith's house and to restore her home and possessions to the condition prior to the commencement of construction, caused by the Foundation's Construction Work exceeds $50,000.

31. Ms. Smith's legal, engineering, and architectural fees and costs incurred as a result of The Foundation's Construction Work exceed $30,000.

32. As a direct and proximate result of the Foundation's negligence, Ms. Smith has suffered, and continues to suffer, damages in the amount of not less than $80,000.

33. The cost of the injury to Ms. Smith's health has yet to be determined.

34. WHEREFORE. Ms. Therrell Smith respectfully requests this Court to enter judgment in her favor and against The Overseas Korean Cultural Heritage Foundation a/k/a The Overseas Korean Cultural Heritage Foundation, USA in the principal amount of

not less than $80,000.00, plus pre- and post-judgment interest, and Ms. Smith requests such further and other relief in her favor as this Court deems just and proper.

### Count III
### (Estoppel)

35. The preceding paragraphs 1 through 17 are hereby incorporated herein as though fully set forth.

36. During the Foundation's Construction Work, the Foundation advised Ms. Smith of the Foundation's plans to knock down and rebuild the garden wall and requested that Ms. Smith advise the Foundation of her position in the matter.

37. The Foundation knew or reasonably should have known that this request would induce and cause Ms. Smith to seek professional help to advise her in the matter.

38. The Foundation knew that Ms. Smith had retained legal counsel and construction consultants to advise her in the matter and proceeded to deal with them in the negotiation of draft agreements, all which were subsequently abandoned by the Foundation during negotiations.

39. The Foundation induced and caused Ms. Smith to incur fees and costs for legal counsel to negotiate with the Foundation on her behalf, then abandoned the negotiations.

40. The Foundation induced and caused Ms. Smith to incur fees and costs for construction consultants to advise her in the matter, then abandoned the negotiations.

41. The Foundation, in bad faith, failed and refused to negotiate an agreement with Ms. Smith.

42. Legal fees and expenses and the structural engineer and architect fees and expenses incurred by Ms. Smith exceed $30,000.

WHEREFORE. Ms. Therrell Smith respectfully requests this Court to enter judgment in her favor and against The Overseas Korean Cultural Heritage Foundation a/k/a The Overseas Korean Cultural Heritage Foundation, USA in the principal amount of

not less than $30,000.00, plus pre- and post-judgment interest, and Ms. Smith requests such further and other relief in her favor as this Court deems just and proper.

## Demand for Jury Trial

Plaintiff demands a trial by jury of all issues triable of right by a jury.

Respectfully submitted
Ms. Therrell Smith
By Counsel

/s/ Joseph A. McManus, Jr.
Joseph A. McManus, Jr. Bar No. 345462
Thomas B. Carr, Bar No. 16980
McManus & Felsen LLP
1990 M Street, N. W.
Suite 600
Washington, D.C.
(202) 296-9260
(202) 659-3732 (facsimile)
Counsel for Plaintiff



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Therrell Smith
_____
Plaintiff

vs.                                                        Case Number   2017 CA 001363 B

The Overseas Korean Cultural Heritage Foundation a/k/a The Overseas Korean Cultural Heritage Foundation, USA
_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joseph A. McManus, Jr.
Name of Plaintiff's Attorney

1990 M Street, NW Suite 600
Address
Washington, DC 20036

202-296-9260
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date   03/03/2017

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____
Nombre del abogado del Demandante

_____
Dirección

_____

_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면 (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| Therrell Smith | Case Number: 2017 CA 001363 B |
|---|---|
| vs | Date: 3/2/2017 |
| The Overseas Korean Cultural Heritage Foundation a/k/a The Overseas Korean Cultural Heritage Foundation, USA | ☐ One of the defendants is being sued in their official capacity. |

| Name: *(Please Print)* <br> Joseph A. McManus, Jr. | Relationship to Lawsuit |
|---|---|
| Firm Name: <br> McManus & Felsen LLP | [x] Attorney for Plaintiff |
| Telephone No.: (202) 296-9260    Six digit Unified Bar No.: 345462 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     [x] 6 Person Jury     ☐ 12 Person Jury

Demand: $ 80,000                                    Other: interest

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____    Judge: _____    Calendar #:_____

Case No.:_____    Judge: _____    Calendar#:_____

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract          ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty          ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                Over $25,000 Pltf. Grants Consent        Over $25,000 Consent Denied
☐ 13 Employment Discrimination   ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees           Under $25,000 Pltf. Grants Consent       Under $25,000 Consent Denied
                                 ☐ 28 Motion to Confirm Arbitration
                                      Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile               ☐ 03 Destruction of Private Property    [x] 05 Trespass
☐ 02 Conversion               ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process           ☐ 10 Invasion of Privacy              ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection    ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery        ☐ 12 Malicious Interference           ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 13 Malicious Prosecution           ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation) ☐ 14 Malpractice Legal                ☐ 20 Friendly Suit
☐ 06 False Accusation           ☐ 15 Malpractice Medical (Including Wrongful Death)  ☐ 21 Asbestos
☐ 07 False Arrest               ☐ 16 Negligence- (Not Automobile,     ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                           Not Malpractice)                 ☐ 23 Tobacco
                                                                      ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

/s/ Joseph A. McManus, Jr.                    3/2/2017

Attorney's Signature                          Date



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

THERRELL SMITH
    Vs.                                    C.A. No.     2017 CA 001363 B
OVERSEAS KOREAN CULTURAL HERITAGE FOUNDATION

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                    Chief Judge Robert E. Morin

Case Assigned to: Judge WILLIAM M JACKSON
Date:  March 3, 2017
Initial Conference: 9:30 am, Friday, June 02, 2017
Location:   Courtroom 219
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001                                Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

Caio.doc